IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLA ROMANS,                                    Civil No. 06-1331-AA
                                                  OPINION AND ORDER
            Plaintiff,

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration; and The Social
Security Administration,

            Defendants.
_____

David B. Lowry
Attorney At Law
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223
      Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902
      Attorneys for defendants

AIKEN, Judge:

      Defendants move to dismiss counts two and three

of plaintiff's complaint.  That motion is granted.

///

1   - OPINION AND ORDER

1

## BACKGROUND

2       Plaintiff brings three counts against defendants. The
3  first count is a traditional challenge pursuant to the Social
4  Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to
5  obtain judicial review of a final decision of the Commissioner
6  denying her application for Supplemental Security Income (SSI)
7  disability benefits under Title XVI of the Act. The second count
8  alleges that defendants "failed, neglected and refused" to
9  respond favorably to plaintiff's request pursuant to the Freedom
10  of Information Act (FOIA), 5 U.S.C. § 552, for "all letters,
11  memos, or other writings, however described, including those
12  stored in computer memory, discussing the number of jobs issue
13  that arises at step 5 of sequential evaluation."  First Amended
14  Complaint, p. 2, ¶¶ 7-8.   Count three alleges that defendants
15  violated plaintiff's constitutional rights "by pretending to or
16  actually relying on Vocational Expert testimony about numbers of
17  jobs that defendants know or should know to be unreliable, in
18  violation of plaintiff's Fifth Amendment right to substantive due
19  process and/or plaintiff's Ninth Amendment right to a government
20  that is honest in fact and reasonably competent at what it
21  undertakes to do." Id. at p. 3, ¶ 10(a).

22       Defendants move to dismiss counts two and three alleging
23  failure to state a claim upon which relief can be granted and
24  lack of jurisdiction over the subject matter.  Fed. R. Civ. P.
25  12(b)(1) and 12(b)(6).

26

## STANDARDS

27       Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to
28  state a claim is proper only when it appears to a certainty that

2   - OPINION AND ORDER

the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.   Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985).  For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true.  Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

In deciding Rule 12(b)(1) jurisdictional attacks, this court may consider matters outside the record in determining whether it has subject matter jurisdiction.  Sammatino v. United States, 255 F.3d 708 (9th Cir. 2000).

**DISCUSSION**

Plaintiff's counsel (counsel) initially filed eight separate lawsuits on behalf of individuals against defendant challenging the Secretary's denial of disability benefits under the Act.  Each of these lawsuits also contain counts identical to counts two and three quoted above.

I. Count Two - FOIA Violation

The FOIA requests submitted to the agency by counsel identified each client by name and social security number and were reasonably interpreted by the Division Director in the Office of Public Disclosure (OPD) of the Social Security Administration (SSA) as requesting information specifically regarding a named client in each letter and his or her denial of disability benefits.  See Defendants' Ex. A.   Further, the Division Director, Ethel Burrows, declares that the agency interpreted counsel's request as seeking information relating to the administrative law judge's decision in plaintiff's case.  The

OPD responded to counsel's request by stating that the Office of Appeals Operations would send him a copy of the exhibits and a copy of the hearing tape, which would contain the information he requested.    See Defendants' Ex. B.    The Office of Appeals Operations then sent counsel the specified exhibits and copy of the hearing tape.    See Defendants' Ex. C.    Burrows declared that she contacted counsel to "clarify what types of documents he was seeking in these requests."    Declaration of Ethel Burrows, p. 3. Burrows was told by counsel's assistant that she had been instructed "to send Freedom of Information Act requests to SSA on behalf of individual clients at the same time a request for review was sent to the Appeals Council."    Id.    Burrows asked counsel to contact her to discuss his requests.    Counsel did not do so.    Id.

Subsequently, the Office of Appeals Operations was informed by an individual in counsel's office that counsel was not seeking copies of exhibits and the hearing tape in response to his FOIA request, but was instead seeking working papers from the Office of Appeals Operations.    Based on that information, the OPD then sent a letter to counsel stating that because the Appeals Council had not yet taken action on the request for review in his client's case, no records were currently available.    Counsel's request for working papers was denied, and counsel appealed the denial of his FOIA request.    In counsel's appeal, he clarified for the first time that he was not seeking working papers from the Office of Appeals Operations, nor was he seeking documentation specific to an individual claimant.    Instead, counsel stated that he was requesting letters, memoranda and/or

other documents regarding generally the use of vocational expert testimony at step five of the sequential evaluation process.

Based on this information, the OPD informed counsel that because he clarified that he was seeking policy or procedural documents rather than specific records pertaining to claimants, the OPD was closing all of counsel's current requests and appeals. The agency also stated that counsel's clarified request would be processed as a new initial request rather than as an appeal. There is no dispute that the OPD is currently processing counsel's clarified request for policy and procedural documents and that all new letters from counsel requesting this information are being processed as part of the pending, consolidated request.

Based on the evidence before this court, I find that plaintiff has failed to exhaust all administrative remedies. Specifically, I find that count two is premature and therefore dismissed. There is no dispute that counsel's clarified FOIA request is currently pending with the agency. Further, neither the parties nor the court know what records may or may not exist in response to that request. Jurisdiction of the District Court for a FOIA complaint is predicated on an agency withholding all or part of the requested records. 5 U.S.C. § 552(a)(4)(B). Because no records have yet to be withheld from counsel, it is premature for this court to litigate counsel's assertion of a FOIA violation. I find this court lacks subject matter jurisdiction over count two.[1]

---

[1] Further, I find that the mandamus statute does not provide this court with jurisdiction. 28 U.S.C. § 1361. See Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)(claim must be clear and certain; officer's duty is ministerial and so plainly

5    - OPINION AND ORDER

II. <u>Count Three - Constitutional Violations</u>

Count Three alleges:

On 3/23/05 and 8/17/05, the defendants caused two ALJ hearings to occur on plaintiff's Social Security Disability case.

On these occasions, plaintiff alleges on information and belief, that defendants failed[,] neglected and refused to uphold plaintiff's constitutional rights as follows:

(a) By pretending to or actually relying on Vocational Expert testimony about numbers of jobs that defendants know or should know to be unreliable, in violation of plaintiff's Fifth Amendment right to substantive due process and/or plaintiff's Ninth Amendment right to a government that is honest in fact and reasonably competent at what it undertakes to do.

Amended Complaint, ¶¶ 9-10.

Plaintiff alleges violation of her Ninth Amendment right "to a government that is honest in fact and reasonably competent at what it undertakes to do." <u>Id.</u> at ¶ 10(a). I do not find this phrase to be a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, the Ninth Amendment does not independently secure a constitutional right for purposes of pursuing a civil rights claim. <u>Strandberg v. City of Helena</u>, 791 F.2d 744 (9th Cir. 1986). Moreover, federal court jurisdiction exists only if there is an actual case or controversy. <u>Allen v. Wright</u>, 468 U.S. 737 (1984). Plaintiff's asserted Ninth Amendment violation fails to state any such case or controversy. Therefore, plaintiff's Ninth Amendment claim is dismissed.

Plaintiff next alleges that her Fifth Amendment right to

_____

described as to be free from doubt; and no other adequate remedy is available).

"substantive due process" was violated by the use of Vocational Expert (VE) testimony. Plaintiff seems to assert that the ALJ's reliance on the VE testimony regarding the number of jobs existing in the national economy is a violation of plaintiff's substantive due process rights.

The Ninth Circuit has clearly ruled that the ALJ's reliance on VE testimony regarding the number of relevant jobs in the national economy is warranted. Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir. 2005). Specifically, an ALJ may take administrative notice of any reliable job information including information provided by a VE. Nonetheless, plaintiffs and their counsel are permitted to challenge that testimony, including questioning the foundation of an opinion and any conclusions drawn from that opinion. Notably here, plaintiff does not allege that her ability to challenge that testimony was in any way thwarted or denied.

Moreover, plaintiff fails to point to the deprivation of any fundamental liberty interest. See Washington v. Glucksberg, 521 U.S. 702, 721 (1997)(requiring a careful description of the asserted fundamental liberty interest for the purpose of a substantive due process analysis).

I find no basis for a colorable due process constitutional claim. Plaintiff's alleged constitutional violation rests on an objection to evidence that has been examined by the Ninth Circuit and ruled admissible. Moreover, the complaint fails to set forth facts to support any deprivation of an opportunity to be heard. Plaintiff does not allege, nor is there evidence in the record before this court suggesting that plaintiff was deprived of the

7   - OPINION AND ORDER

opportunity to cross examine the VE, submitted other data or evidence regarding the number of jobs in the national economy, or moved to suppress the evidence. The complaint, in fact, alleges that plaintiff appeals from a final agency decision, that there were two hearings before an ALJ, and that plaintiff challenges the conclusions and findings of fact made by the ALJ. Plaintiff's additional allegation that the VE testimony regarding numbers of jobs is "unreliable" does not rise to the level of a due process constitutional claim. Plaintiff's count three claim is therefore dismissed.

### CONCLUSION

Defendants' motion to dismiss counts two and three (doc. 12) is granted.   Further, defendants' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this _16_ day of May 2007.


_____
Ann Aiken
United States District Judge

8   - OPINION AND ORDER